UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LATRESE CARR,

                    Plaintiff,

          -against-

LACONIA NURSING HOME; MANNY
GOLDMAN; SHULEY BROWNSTEIN;
CYNTHIA MORALEZ,

                    Defendants.

25-CV-2973 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

        Plaintiff, who currently is incarcerated at Elmira Correctional Facility, brings this action,

*pro se*, invoking the court's federal question jurisdiction and diversity of citizenship jurisdiction,

alleging that Defendants violated his rights. He sues Laconia Nursing Home ("Laconia"), which

is a private nursing home and rehabilitation facility located in the Bronx, Manny Goldman and

Shuley Brownstein, whom Plaintiff identifies as Administrators at Laconia, and Cynthia

Moralez, who is a supervisor at Laconia. By order dated April 17, 2025, the court granted

Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For

the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave

to replead his claims in an amended complaint.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff invokes the court's federal question jurisdiction and diversity of citizenship jurisdiction, and states that he is asserting claims of "defamation and slandering." (ECF 1, at 2.) He states that the events giving rise to his claims occurred in December 2023 at Laconia, a

nursing home where Plaintiff was previously a resident. The following allegations are drawn

from the complaint.[2] Plaintiff needed a pass so that his sister could take him to the store to get

some items that he needed. Plaintiff asked Ms. Rose, whom he identifies as a senior nurse, if she

could fill out a pass for him, which she agreed to do. While Plaintiff was speaking to Rose,

Defendant Moralez came out of her office and asked Plaintiff why he was asking Rose for a pass.

When Plaintiff responded that Rose was the "head nurse" on the floor, Moralez "became

verbally aggressive towards" Plaintiff and threatened to tell Plaintiff's parole or probation

officer, although Plaintiff maintains that he was not on parole or probation. (*Id.* at 11.) Plaintiff

alleges that this exchange took place in a public area at the facility, and that "staff, clients, [and]

their families" heard Moralez "defame [Plaintiff's] character." (*Id.*)

　　The next day, Plaintiff's lawyer's secretary told Plaintiff that Moralez called their office

"asking about [Plaintiff] and [his] personal business," which the secretary refused to discuss with

Moralez without Plaintiff's consent. (*Id.* at 13.)

　　Plaintiff approached Samuel Berger, a top administrator at the facility, about what

happened, but Berger told Plaintiff that he was "probably mistaken" and that he should "let it go

and leave his office." (*Id.*) Plaintiff then approached Defendant Goldman, another top

administrator at Laconia, but Goldman "brushed [him] off as if [Plaintiff's] issue was of no

importance." (*Id.* at 14.)

　　Plaintiff called 311 and made a formal complaint against Laconia with the New York

State Department of Health. When Plaintiff mentioned his complaint to Berger, Berger "laughed

in [Plaintiff's] face" and told Plaintiff that "life will become a living hell" for him at the facility.

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation
are as in the original unless noted otherwise.

(*Id.*) Plaintiff alleges that Moralez started a rumor that Plaintiff had HIV and hepatitis, and that staff and other residents should be careful around Plaintiff and limit any dealings with him. Residents and their families began complaining that they did not feel comfortable sharing a room with Plaintiff, causing Plaintiff to be moved from room to room. He also was not allowed to eat with other residents. Plaintiff could no longer "take the slander and defamation" and was "forced" to leave the facility. (*Id.* at 15.)

Plaintiff alleges that he experienced mental and emotional harm as a result of Defendants' actions.

Plaintiff seeks money damages.

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

To demonstrate federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Here, Plaintiff invokes federal question jurisdiction on his complaint, but his allegations do not suggest a viable federal claim. Although Plaintiff suggests that he may be attempting to assert constitutional claims under 42 U.S.C. § 1983 (*see* ECF 1, at 2), a plaintiff asserting a claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Because Laconia is a private nursing home and its employees are private actors not alleged to work for any state or other government, Plaintiff cannot state a viable claim against them under Section 1983.

Plaintiff asserts, and his allegations suggest, that he is bringing state law claims for defamation and slander against Defendants. However, he does not allege facts demonstrating that

the Court has diversity of citizenship jurisdiction to consider his state law claims. To establish

diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the

defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388

(1998). For diversity purposes, an individual is a citizen of the State where she is domiciled,

which is defined as the place where the individual "has [her] true fixed home . . . and to which,

whenever [s]he is absent, [s]he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*,

232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual

"has but one domicile." *Id.* A corporation is a citizen "of every State and foreign state by which

it has been incorporated and of the State or foreign state where it has its principal place of

business." § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a

corporation's principal place of business is its "nerve center," usually its main headquarters).

   In addition, to establish diversity jurisdiction, the plaintiff must allege to a "reasonable

probability" that the claim is in excess of the sum or value of $75,000.00, the statutory

jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438

F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

   Here, even if the Court assumes that Plaintiff's claims satisfy the $75,000 jurisdictional

minimum, he does not allege facts demonstrating diversity of citizenship. Plaintiff is currently

incarcerated in Elmira Correctional Facility, in the State of New York, and his allegation that he

previously resided at Laconia suggests that he was possibly domiciled in New York prior to his

incarceration. *See Blumatte v. Quinn*, 521 F. Supp. 2d 308, 312 n.3 (S.D.N.Y. 2007) (there is a

rebuttable presumption that a prisoner retains his pre-incarceration domicile). Plaintiff does not

allege the residential addresses of any of the individual defendants. He instead provides

Laconia's Bronx, New York address for Laconia and all the individual defendants. Plaintiff does

not allege the state in which Laconia is incorporated, but, to the extent that the address he provides for Laconia is its principal place of business, it is a citizen of the State of New York. Because Plaintiff does not allege sufficient facts demonstrating that that parties are citizens of different states, the Court lacks diversity of citizenship jurisdiction of his claims.

The Court grants Plaintiff leave to replead his claims in an amended complaint alleging facts demonstrating that the Court has diversity of citizenship jurisdiction of this action. If Plaintiff files an amended complaint, he must first allege facts demonstrating complete diversity of the parties. Plaintiff must allege the state in which he is domiciled, the state in which Laconia is incorporated and the state in which it maintains its principal place of business, as well as the state in which each individual defendant is domiciled. Plaintiff must also allege facts demonstrating that his claims are worth at least $75,000. If any defendant is a citizen of the same state as Plaintiff, or if he cannot allege facts demonstrating that his claims are worth more than $75,000, the Court does not have diversity jurisdiction of his claims.

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts demonstrating that the Court has diversity of citizenship jurisdiction of his

7

claims, the Court grants Plaintiff 30 days' leave to amend his complaint to cure the deficiencies identified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   September 30, 2025
         New York, New York

                                              *Louis L. Stanton*
                                   _____
                                           LOUIS L. STANTON
                                                U.S.D.J.